```
                                          FILED
                                     U.S. DISTRICT COURT
                                    EASTERN DISTRICT OF LA

                                     2006 JAN 23 PM 12: 44
```

|  | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF LOUISIANA | LORETTA G. WHYTE<br>CLERK |
| LINDA L. DOWNER and<br>HUNT B. DOWNER ET AL | CIVIL ACTION |
| versus | No. 02-1706<br>C/W 02-2399<br>C/W 02-2733<br>C/W 04-3380 |
| FRED SIEGEL, THE SIEGEL GROUP, INC.,<br>DAIN RAUSCHER, INC., ET AL | SECTION: E/1 |

### ORDER AND REASONS

This matter is before the Court on the following pending motions: 1) Defendant Fred Siegel's Motion for a New Trial (r.d. #101); 2) Plaintiffs' Rule 43e Motion to Present Facts in Affidavits Not Appearing in Record (r.d. #105) and Motion for Rule 11 Sanctions (r.d. #110); and 3) Plaintiffs' Motion for Summary Judgment (r.d. #117). Counsel for Defendant presented oral argument to the Court on the morning of January 18, 2006, on Siegel's Motion for a New Trial. Plaintiffs' counsel earlier agreed to rest on his previously submitted memoranda and filings.

### BACKGROUND

The underlying facts are set out in this Court's Order and Reasons dated July 14, 2005, filed at record document 98, and will not be repeated here. In that Order and Reasons the Court granted Plaintiff' Motion to Vacate the Award of the NASD

Arbitration Panel,[1] denied the Defendant's Motion to Confirm the arbitration award and for costs and attorney's fees, and finally, the Court *sua sponte* remanded the action to the 32nd Judicial District Court for the Parish of Terrebonne for lack of subject matter jurisdiction.  Defendant's Motion for a New Trial is addressed to that Order.

Defendant asserts three arguments in support of his motion for a new trial.  He argues first that the dispute at issue falls within the scope of the arbitration clause; second, that Plaintiff, during the arbitration proceedings, expressly submitted the dispute to arbitration; and third, that remand was improper because the District Court has exclusive subject matter jurisdiction over claims against the Defendant that are based on federal law.

## ANALYSIS

When a district court decides a case dispositively without a trial, subsequent relief is construed properly as a request for reconsideration.  <u>St. Paul Mercury Ins. Co. V. Fair Grounds Corp.</u>, 123 F.3d 336, 338 (5th Cir. 1997).  Courts should regard a motion for a new trial as a motion under Fed. R. Civ. P. 59 if the motion is filed within 10 days of the challenged ruling or

---

[1] <u>Michael F. Siegel v. Hunt and Linda Downer, et al.</u>, NASD-DR 02-06279.

2

judgment, as this one was. <u>Bass v. U.S. Dept. Of Agriculture</u>, 311 F.3d 959, 962 (5th Cir. 2000). A district court may grant a Rule 59 motion for any of the following four reasons: 1) an intervening change in controlling law; 2) the availability of new evidence not previously available; 3) the need to correct a clear error of law or fact; or 4) to prevent manifest injustice. <u>In re Benjamin Moore & Co.</u>, 318 F.3d 626, 629 (5th Cir. 2002).

Defendant argues that reasons (3) and (4) are applicable here. He claims that the scope of the arbitration agreement at issue is broad enough to encompass the Plaintiffs' claims against Siegel personally, and that the district court incorrectly applied the standard for overturning an arbitration decision. Defendant also reasserts his claim that Plaintiff waived their objection to arbitration and agreed to submit to arbitration during the arbitration hearing. These arguments were addressed in the Court's challenged Order and Reasons and will not be revisited.

However, the challenge to the Court's *sua sponte* remand is well taken. In the original complaint, at ¶5, Plaintiffs "contend Siegel and his superiors ... were in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10 b-5." Dain Rauscher (Siegel's "superiors") has been dismissed as a defendant, but Plaintiffs' claim that Siegel personally

3

violated Sec. 10(b) of the Securities Exchange Act has not been dismissed. Federal district courts have exclusive jurisdiction over claims of relief under the Securities Exchange Act of 1934. *See* 15 U.S.C. § 78aa; *and* <u>Matsushita Elec. Indus. Co., Ltd. v. Epstein</u>, 516 U.S. 367, 381 (1966) ("Section 27 [of the Exchange Act] provides that '[t]he district courts of the United States ... shall have exclusive jurisdiction ... of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.") Any remaining state-law claims for relief in this case arise from a common nucleus of operative facts. This Court has exclusive jurisdiction over the federal claim and pendent jurisdiction over all other claims.

Also before the Court are Plaintiffs' Rule 43e Motion to Present Facts in Affidavits Not Appearing in Record (r.d. #105) and Motion for Rule 11 Sanctions[2] (r.d. #110), and Motion for Summary Judgment (r.d. #117). These motions are dismissed as moot.

## CONCLUSION

Accordingly,

---

[2]Plaintiffs filed on August 26, 2005, a "Rebuttal to Defendant's Opposition to Motion to Supplement the Record with Affidavits" in which Plaintiff purport to seek Rule 11 sanctions. However, a separate motion for Rule 11 sanctions was not filed as required by Rule 11.

4

**IT IS ORDERED** that Defendant's Motion for a New Trial (r.d. #101) is **DENIED** as to this Court decision granting Plaintiffs' motion to vacate the ruling of the Arbitration Panel and denying Defendant's motion to confirm the arbitration award and for costs and attorney's fees; and,

**IT IS FURTHER ORDERED** that Defendant's Motion for a New Trial is **GRANTED** as to this Court's *sua sponte* Order remanding this case to the 32nd Judicial District Court for the Parish of Terrebonne, and that Order remanding this case is **HEREBY WITHDRAWN AND RESCINDED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Rule 43e Motion to Present Facts in Affidavits Not Appearing in Record (r.d. #105) and Motion for Rule 11 Sanctions (r.d. #110), and Motion for Summary Judgment (r.d. #117) are **DISMISSED AS MOOT.**

New Orleans, Louisiana, January 19, 2006.

_____
MARCEL LIVAUDAIS, JR.
United States District Judge